IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:04-353-CMC |
| v. | **OPINION and ORDER** |
| Samuel L. Anderson, | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant contends that his sentence enhancement under 21 U.S.C. § 851 was improper in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Government filed a motion to dismiss and/or for summary judgment, arguing that Defendant's motion is untimely and that his claim is not a proper claim for relief under § 2255. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded in opposition to the Government's motion, and this matter is now ripe for review.

**BACKGROUND**

Defendant was charged with two co-defendants in a multi-count indictment which alleged involvement a drug distribution conspiracy and drug-related murder. Defendant pleaded guilty pursuant to a plea agreement to (1) a drug conspiracy count involving 50 grams or more of "crack" cocaine and 500 grams or more of cocaine and (2) a substantive drug offense. In his plea agreement, Defendant also agreed that the murder cross-reference under U.S.S.G. §2D1.1 was applicable in his case.

At sentencing, the Government moved for downward departure, based upon Defendant's

1

testimony at the trial of a co-defendant. The court granted that motion, and departed downward, imposing a sentence of 300 months' imprisonment, 10 years' supervised release, and a $200 special assessment.

Defendant was sentenced July 20, 2006. Judgment was entered July 21, 2006, and Defendant thereafter filed a timely appeal. On February 22, 2008, the Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence. *United States v. Anderson*, 266 F. App'x 282 (4th Cir. 2008). Defendant did not file a petition for writ of certiorari. Therefore, his sentence became final on May 23, 2008. *Clay v. United States*, 537 U.S. 522 (2003) (Defendant's conviction becomes final when the time expires for filing a petition for a writ of certiorari with the United States Supreme Court contesting an appellate court's affirmance of the conviction).

### DISCUSSION

Title 28, United States Code Section 2255 imposes a one-year statute of limitations on motions for relief filed under this section. Pursuant to § 2255, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to an exception under § 2255, a defendant must file

a motion for relief under § 2255 within one year of his or her conviction becoming final.

This court received Defendant's motion on February 9, 2012, almost four (4) years after Defendant's conviction became final. Therefore, Defendant's motion does not meet the requirements of § 2255(f)(1).

Defendant's arguments regarding timeliness under other subsections of § 2255 are unavailing, as the motion was not filed within a year of either *Chambers v. United States*, 555 U.S. 122 (2009), or *Carachuri-Rosendo v. Holder*, 560 U.S. ___, 130 S. Ct. 2577 (2010). In his memorandum in support of the motion, Defendant argues that the motion is timely because the Fourth Circuit's decision in *Simmons*, *supra*, is a "fact" that warrants application of § 2255(f)(4). *See* Response to Gov't Mot. at 2 (ECF No. 571, filed Mar. 8, 2012). However, the issuance of a legal opinion which is not a part of a defendant's prior litigation history and does not apply directly to him is not a "fact" which triggers § 2255(f)(4). Moreover, *Simmons* is an applications of *Chambers* and *Carachuri*, respectively. Additionally, *Simmons* was not a case analyzing a collateral attack, but rather was a decision in a direct criminal appeal.

Defendant also contends he was "impeded" from filing a timely § 2255 motion, thereby meeting the requirements of subsection (f)(2), due to an institutional lockdown during some portion of the year after the Supreme Court's decision in *Carachuri*. However, lock-down status does not operate to excuse a timeliness problem. *See Atkins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000) (rejecting claim that equitable tolling should apply because institution was on lock-down status for a period of time during the one-year period). Therefore, the motion appears to be untimely.

The Supreme Court has determined that equitable tolling is available for habeas corpus

applications filed on behalf of state court inmates, as "[28 U.S.C. §] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549 (2010). Because the language of § 2244(d) and § 2255(f) are virtually identical, courts have applied equitable tolling principles to motions filed under § 2255 as well. *See, e.g.*, *Ramos-Martinez v. United States*, 638 F.3d 315 (1st Cir. 2011); *United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010) (remanding § 2255 motion to district court to consider equitable tolling argument in light of *Holland*).

A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented Defendant from filing a petition, or extraordinary circumstances beyond Defendant's control made it impossible to timely file the claim. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at ___, 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

The instant motion meets none of these requirements. Defendant's conviction was final four years ago, well before any of the events Defendant relies upon occurred. Therefore, equitable tolling does not apply to this motion.

Even assuming, for purposes of this motion, that Defendant's motion is not barred by the statute of limitations contained in § 2255 and equitable tolling does not apply, Defendant's motion fails on the merits. As noted by the Government, *Simmons* was a case that examined North

4

Carolina's unique sentencing regime, a regime that does not exist in South Carolina. Moreover, Defendant's South Carolina conviction continues to qualify as a predicate offense after *United States v. Burgess*, 553 U.S. 124 (2008). Defendant argues, without support, that "*Burgess* is not controlling . . . ." This argument is without merit.

### CONCLUSION

The Government's Motion to Dismiss and/or for Summary Judgment is **granted**, and the motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 7, 2012