IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:04-353 (CMC) |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Kenneth Roshaun Reid, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Ever hopeful, Defendant has again presented the court with a motion for relief under 28 U.S.C. § 2255. ECF No. 611. Like his previously-denied motion to reopen a motion for relief under 18 U.S.C. § 3582(c)(2), *see* ECF No. 607 & Opinion and Order (ECF No. 608), Defendant seeks to have this court apply to his case the recent decision of the Supreme Court, *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151 (U.S. June 17, 2013).

Defendant's motion is a second or successive motion for relief under § 2255. Regardless of the one-year time period contained in § 2255(f)(3), Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

1

Defendant's motion is dismissed without prejudice as this court is without jurisdiction to consider it.[1]

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 18, 2013

---

[1] Defendant's motion to proceed *in forma pauperis* (*ifp*) (ECF No. 612) is dismissed as moot.